# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ELISEO RAEL,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 16-1462V

Special Master Christian J. Moran

Filed: December 18, 2019

## TENTATIVE RULING REGARDING DAMAGES

The parties dispute three aspects of compensation: (1) compensation for past pain and suffering, (2) whether Mr. Rael is entitled to any compensation for future pain and suffering, and (3) compensation for lost earnings. The parties have filed briefs addressing the evidence on these points.

Vaccine Rule 5(a)(3) authorizes special masters to present tentative findings and conclusions. The undersigned takes this approach here.

1. Past Pain and Suffering

After considering the materials in the record, the undersigned has tentatively found that an appropriate amount of compensation for petitioner's past pain and suffering is $85,000.

2. Future Pain and Suffering

On November 2, 2017, Dr. Buterbaugh stated that petitioner's symptoms "will persist." Exhibit 7 at 2. Dr. Buterbaugh's opinion supports an award of some amount of future pain and suffering. But see Resp't's Br., filed Sep. 3, 2019, at 7 (stating, in part, "Dr. Buterbaugh did not opine that petitioner's left shoulder injury was . . . likely to extend into the future.")

Petitioner seems not to be receiving much, if any, medical treatment for his shoulder pain. The lack of treatment suggests that the shoulder pain is mild. Therefore, the undersigned tentatively finds that a reasonable amount of compensation for petitioner's continued shoulder problem is $100 per year for the remainder of his life.

The parties have an additional opportunity to develop this aspect of compensation in two respects. Petitioner shall file material on **January 24, 2020**. On that date, petitioner shall file evidence showing petitioner's life expectancy. In addition, petitioner shall file a statement or

evidence regarding discount rate.  The undersigned has used a two percent discount rate as a default.  If petitioner accepts a two percent discount rate, then petitioner may file a status report communicating this acceptance.  If not, petitioner shall file evidence in the form of a report from an expert who could testify at a hearing about the discount rate.

Respondent shall file a response 30 days later.  Respondent may agree with petitioner's evidence regarding life expectancy.  If so, respondent shall file a status report.  If not, respondent shall file evidence.  Likewise, respondent may agree with the discount rate as petitioner has proposed or, if appropriate, the default rate of two percent.  If respondent disagrees with the proposed discount rate, respondent shall file evidence in the form of a report from an expert who could testify at a hearing.

3. <u>Lost Earnings</u>

Petitioner has not demonstrated that he is entitled to any compensation for lost earnings.  Of the three tentative findings, this finding is the most certain.

The parties may wish to use these tentative findings plus the parties' agreement that petitioner incurred $225.00 for unreimbursed medical expenses to resolve the case.  If the parties cannot resolve the case, then the parties should submit material as scheduled above.

Accordingly, the following is ordered:

1. Petitioner shall file information regarding (a) life expectancy, and (b) discount rate by **Friday, January 24, 2020.**

2. Respondent shall file his response on those two topics **30 days later**.

Any questions regarding this order shall be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
