# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELISEO RAEL,                        *
                                    *   No. 16-1462V
                 Petitioner,        *   Special Master Christian J. Moran
v.                                  *
                                    *
SECRETARY OF HEALTH                 *   Filed: January 28, 2020
AND HUMAN SERVICES,                 *
                                    *   Damages, pain and suffering,
                 Respondent.        *   discount rate.
* * * * * * * * * * * * * * * * * * * * * * * *
```

Amy A. Senerth, Muller Brazil LLP, Dresher, PA, for petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING COMPENSATION[1]

Eliseo Rael alleged that an influenza vaccination injured his left shoulder. While this case was in the Special Processing Unit of the Office of Special Masters, the Chief Special Master found, based upon the Secretary's concession, that Mr. Rael was entitled to compensation. Ruling, issued Feb. 9, 2017. When the parties could not agree upon the amount of compensation to which Mr. Rael was entitled, the case was removed from the Special Processing Unit. The parties have presented evidence and argument regarding the amount of compensation. Based upon this record, Mr. Rael is awarded $88,032.56.

\* \* \*

When the case was transferred out of the Special Processing Unit on August 13, 2018, the parties primarily were disputing whether Mr. Rael was entitled to any compensation for diminished earnings concerning his career as a percussionist. A secondary issue was the amount of compensation for Mr. Rael's pain and suffering.

Mr. Rael filed documents about his earnings before and after the vaccination. Both parties retained experts regarding lost earnings.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (http://www.cofc.uscourts.gov/aggregator/sources/7). This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

After the parties had developed their evidence, the parties were ordered to file briefs. Order, issued June 14, 2019. Mr. Rael filed his brief on August 27, 2019, and the Secretary responded on September 3, 2019. Mr. Rael did not file a reply.

The undersigned issued tentative findings of fact regarding damages on December 18, 2019. The undersigned found that: (1) a reasonable amount of compensation for Mr. Rael's past pain and suffering is $85,000; (2) a reasonable amount of compensation for Mr. Rael's future pain and suffering is $100 per year for the remainder of Mr. Rael's life; (3) Mr. Rael was not entitled to any compensation for lost earnings; and (4) the parties had agreed that $225 was a reasonable amount of compensation for Mr. Rael's unreimbursed medical expenses. With respect to the award of future pain and suffering, the parties were ordered to provide additional information concerning Mr. Rael's life expectancy and discount rate. Tentative Ruling regarding Damages, issued Dec. 18, 2019.

The basis for the award of past pain and suffering comes mostly from the medical records. These records show that Mr. Rael sought treatment for his left shoulder within one month of the December 17, 2015 flu vaccination. Exhibit 2 at 9. He attended physical therapy (15 sessions) until August 4, 2016, when he was no longer improving. Id. at 20.

In the approximately eight months of physical therapy, Mr. Rael saw doctors periodically. An orthopedist diagnosed him with left shoulder subacromial bursitis/impingement and provide a corticosteroid. Exhibit 3 at 6-7. Although this provided some relief, weakness returned. Id. at 4-5.

Nearly two years after the onset of shoulder pain, Mr. Rael returned to one of his doctors, Dr. Buterbaugh, and explained that he was still having left shoulder pain and had difficulty playing the tambourine. Dr. Buterbaugh stated that the shoulder injury causes pain and "these symptoms will likely persist in the future." Exhibit 7 at 2. Dr. Buterbaugh's report concerning the persistence of pain supports the award to compensate for future pain and suffering.

After this appointment with Dr. Buterbaugh in November 2017, Mr. Rael appears not to have pursued treatment for his shoulder injury. See Pet'r's Br., filed Aug. 27, 2019, at 4-5 (ending summary of Mr. Rael's medical records with Dr. Buterbaugh); see also Resp't' Br., filed Sep. 3, 2019, at 3 (same). This lack of seeking medical intervention suggests that, overall, his injury is relatively mild and the mild pain limits the compensation for pain and suffering.

In addition to the parties' dispute over the appropriate amount of compensation for pain and suffering, the parties disagreed over whether Mr. Rael should receive compensation for diminished earning capacity. Mr. Rael maintained that his career as a professional percussionist would advance such that he would obtain either a position as a permanent member of the Pittsburgh symphony or a permanent position as a professor. Pet'r's Br. at 12; see also exhibit 12 (report of Dennis Mohn). However, Mr. Rael did not persuasively establish that he was likely to be selected for either of these highly competitive positions. Thus, the Tentative Ruling regarding Damages rejected this claim.

The parties responded to the Tentative Ruling regarding Damages quickly. On January 13, 2020, the Secretary filed a status report, stating that the parties had agreed to a 2 percent net discount rate and that Mr. Rael's life expectancy is 36 years. The Secretary also presented a report from an economist who opined that the net present value of 36 years of paying $100 per year at a discount rate of 2 percent is $2,807.56.

\*   \*   \*

Based upon the parties' submissions and the Tentative Ruling, the undersigned finds that **a reasonable amount of compensation for Mr. Rael's is a lump sum amount of $88,032.56.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). The Secretary shall pay this amount in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-1462V according to this decision.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.